# Exhibit C

!Certified Mail



## U.S. Legal Support

200 W. Jackson Blvd. Suite: 600
Chicago, IL60606
Phone:312-236-8352, Fax: 312-878-2836
MI#: 560059.002

# COMPLIANCE FORM

The enclosed request requires you to produce your records on or before 03/18/2019 9:00AM.

**DEPONENT: Nicholas Schmidle**
**RECORDS OF: Requested Document**
**FIRM REQUESTING: Rock, Fusco & Connelly**
**ATTORNEY REQUESTING: Patrick Moran**
**ORDERED BY: Kara Hutson**

This Subpoena/authorization does not necessitate your personal appearance.

Kindly date and sign this form and return with your records.  You must include a copy of the subpoena/authorization with your records.

It is imperative that you date and sign the bottom section of this form in order to fully comply with the subpoena and/or authorization.

Check one:

_____ After making a diligent search of all our records, I find that the only records I have on the above, I have submitted herewith in response to this subpoena and/or authorization.

_____ After having made a diligent search of any and all records, I find there are NO RECORDS for the above.

_____ This doctor/medical facility did not provide medical treatment to this patient.

Date: _____

Number of pages _____

SIGN: _____
Keeper of Records

> THE UNDERSIGNED CERTIFIES THE STATEMENT CONTAINED ON THIS COMPLIANCE FORM IS TRUE AND CORRECT.

**U.S. Legal Support requires pre-approval on fees prior to release of records**

*U.S. LEGAL SUPPORT complies with the standards for privacy of individually identifiable health information documentation and information.  Any and all documentation and medical information is held in strict compliance pursuant to the Standards for Privacy of Individually Identifiable Health Information act, 45 CFR Part 160 and Part 164, Subparts A and E, Entitled "Protected Health Information". U.S. LEGAL SUPPORT makes every effort to protect the health information obtained by and through its business enterprise, however certain information is disclosed as necessary and with permission to employees, agents and authorized third parties.*

*Specializing in Court Reporting Services & the Procurement of Records*

File# 24286.81          MI# 560059.002          Claim# 24286.81

AO 88B (Rev.2/14) Subpoena to Produce Documents, Information, or Objections or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
## for the
### Northern District of ILLINOIS
### Eastern Division
### Civil Action No: <u>16 CV 1970</u>

Tyrone Hood
**Plaintiff**
Vs.

City of Chicago, et al.
**Defendant**

**IMPORTANT**
NOTICE TO WITNESS
THIS SUBPOENA WILL NOT NECESSITATE YOUR PERSONAL APPEARANCE IF
YOU SIGN THE ENCLOSED STATEMENT AND SUBMIT ALL YOUR ORIGINAL
RECORDS BY THE DUE DATE INDICATED ON THE SUBPOENA.

FOR INFORMATION CALL 312-236-8352

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

To: Nicholas Schmidle Attn: Custodian of Records
607 F. Street Northeast, Washington, DC 20002

[X] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
***See attached rider , ,***

Place: Monumental Process Servers
823 Martin Luther King, Jr., Boulevard, Baltimore, MD 21201

Date and time: 3/18/2019 at 9am

[ ] *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry on the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.
Place:                                               Date and time:

CERT# 9414814901524262062576

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance;
Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: <u>2/22/2019</u>

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)***Defendant**, who issues or requests this subpoena, are: **Patrick Moran, Rock, Fusco & Connelly, 321 North Clark Street Suite 2200, Chicago, IL 60610 312-494-1000,**

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed R. Civ. P. 45(a)(4).

.286.81                          MI# 560059.002          Claim# 24286.81

.8B (Rev. 06/092/14) Subpoena to Produce Documents, Information, or Objections or to Permit Inspection of Premises om a Civil Action (Page 2)

Civil Action No. 16 CV 1970

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* **Nicholas Schmidle** Attn: **Custodian of Records**
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows:**Nicholas Schmidle, 607 F. Street Northeast, Washington, DC 20002** , on *(date)*; _____ *or;*

☐ I returned the subpoena unexecuted because: _____
_____

☒ Other: I sent the subpoena to: **Nicholas Schmidle, 607 F. Street Northeast, Washington, DC 20002** by certified mail.

☐ Other: I sent the subpoena to: **Nicholas Schmidle, 607 F. Street Northeast, Washington, DC 20002 by first class mail.**

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _0.00_ .

My fees are $ _____ for travel and $ _____ for services _____ , for a total of $ __0.00_ .

I declare under penalty of perjury that this information is true.

Date: _2/22/19_        _____Lisa Moya_____
                                    *Server's signature*

                        _____Lisa Moya_____
                                    *Printed name and title*

                        *U.S. Legal Support, Inc.*
                        *200 W. Jackson Blvd. Suite: 600*
                        *Chicago, IL 60606*

                        *Server's address*

Additional information regarding attempted service, etc.

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

ace of Compliance.

, *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

   **(i)** disclosing a trade secret or other confidential research development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Subpoena Rider

1.  The term "Document" shall have the broadest possible meaning under the Federal Rules of Civil Procedure and shall include any handwritten, typed, photographed, computerized, audio, video, or other graphic matter, regardless of how it is printed, stored or reproduced, in the possession and/or control of **Nicholas Schmidle** to exist, whether or not claimed to be privileged or otherwise excludable from discovery. Any document with any marks or notations, including but limited to: initials; routing instructions; date stamps; and any comment, marking or notation of any character, is to be considered a separate document.

2.  "The New Yorker" shall refer to any individual who performed any work for or on behalf of The New Yorker in connection with the Articles as defined in paragraph 11 below, including but not limited to Nicholas Schmidle, past and present agents, employees, principals, representatives, or independent contractors, as well as any past or present corporation, partnership, organization, or other entity associated with The New Yorker or Advanced Publications, Inc.

3.  If any Documents responsive to this request are known by you to exist but are not in your possession, custody, or control, identify said Document(s) and the Person who has possession, custody, or control thereof.

4.  "Relate", "relating to" or "regarding" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with a stated subject matter.

5.  "Communications" shall refer to any form of communication, including, for example, letters, memos, e-mails, notes, or the like.

6.  "Person" shall refer to any individual, corporation, partnership, organization, or any other entity.

7.  "And" and "or" mean "and/or" so that the terms are given their broadest possible meaning. In construing a request, the singular shall include the plural and the plural shall include singular, and use of a masculine, feminine or neuter pronoun shall not exclude any of the others. The past tense includes the present and the present tense included the past, where the clear meaning is not destroyed by the change.

8.  Plaintiffs shall mean Tyrone Hood and Wayne Washington.

9.  Any request for a Document is also a request to produce all iterations of that Document, including all earlier and all later versions of that Document.

10. If any Document is withheld under claim of privilege, please provide a privilege log identifying the Document, including its author and any recipients, and the basis for your privilege claims.

11. "Articles" shall refer to the following articles, both collectively and individually, that were either published in print or via The New Yorker's website, and written by Nicholas Schmidle:

    a. "Video: A Confession of Murder" published on July 28, 2014;

    b. "Crime Fiction: Did the Chicago police coerce witnesses into pinpointing the wrong man for murder?" published on August 4, 2014; and

    c. "Freedom for Tyrone Hood" published on January 13, 2015.

### Documents Sought in Response to Subpoena

1. Any and all Documents and written materials that relate to the Articles.

2. Any and all Documents and written materials that relate to Tyrone Hood, Wayne Washington, Marshall Morgan, Jr., Marshall Morgan, Sr., Allen "Jody" Rogers, Maria Escoffery, Kenneth Boudreau, John Halloran, Bernard Ryan, Robert Lenihan, John Posluszny, Michael Clancy, John Ball, James O'Brien, Gerald Carroll, Elizabeth Shinn, or John Stout.

3. Any and all photographs, videos, audio recordings, or other digital media related to the Articles.

4. Any and all Documents reflecting any communications with the individuals below, including but not limited to correspondence and communications to/from Nicholas Schmidle and any of the following individuals or entities, their agent(s), representative(s), attorney(s), and/or anyone acting on their behalf:

    a. Tyrone Hood;
    b. Wayne Washington;
    c. Marshall Morgan, Sr.;
    d. Ed McQuillan;
    e. Marcia Escoffery;
    f. Lorena Peete;
    g. Kenneth Boudreau;
    h. Michael "Twinkie" Rogers;
    i. Jody Rogers;
    j. Terry King;
    k. James "Jim" Mullenix;
    l. Cynthia Brown;
    m. Gary Stanton;
    n. Tami Cage;
    o. Brenda Cage;

p. The Cook County Public Defender's Office;

q. Emanuel Bob;

r. Rosemary Higgins;

s. Tiwanna Hood;

t. Barbara Santek;

u. Robyn Fisher;

v. Renee Ferguson;

w. Micaela Soto;

x. Doreen Brown;

y. Alonzo Burgess;

z. Laura Burklin;

aa. The Exoneration Project;

bb. Loevy & Loevy;

cc. Gayle Horn;

dd. Russell Ainsworth;

ee. Karl Leonard;

ff. Mort Smith

gg. Martin Preib;

hh. Anita Alvarez;

ii. The Cook County State's Attorney's Office;

jj. James Papa;

kk. Sally Daly;

ll. Craig Futterman;

mm.    The Illinois Torture Inquiry and Relief Commission;

nn. Sharon Murphy;

oo. Nyasia Santek;

pp. Former Illinois Governor Patrick Quinn;

qq. Katie Hickey;

rr. The Illinois Department of Corrections;

ss. Tom Shaer;

tt. Anyone who was interviewed for the Articles, but not mentioned in the Articles.

5. All Documents reflecting any statements made by any of the individuals identified in request number 4 above in connection with the Articles, whether or not those statements were used in the Articles. As set forth above in the definitions, the scope of this request includes any audio or video recording, regardless of whether the substance was used in the Articles.

6. All Documents Nicholas Schmidle received from any person or entity in connection with researching, investigating, preparing or publishing any of the Articles.

7. All Documents reflecting any compensation or reimbursement paid to any individuals or entities identified in the above requests, their agent(s),

representative(s), attorney(s), and/or anyone acting on their behalf for any reason whatsoever in connection with the Articles.

ile #: 24286.81                              MI #: 560059                              Claim #: 24286.81

Tyrone Hood                          )
                    Plaintiff        )
                                     )
vs.                                  )
                                     )        NO.  16 CV 1970
                                     )
City of Chicago, et al.              )
                    Defendant(s)     )

# NOTICE

To: Plaintiff by and through their attorney(s) of record:
    Jon Loevy
    Loevy & Loevy
    311 North Aberdeen Street 3rd Floor
    Chicago, Illinois 60607

To: other party/parties by and through their attorney(s) of record:
    James Sotos The Sotos Law Firm, P.C., Steven Fine
    Law Office of Steven Fine and Steven Greenberg
    Steven A. Greenberg & Associates, Ltd.

**PLEASE TAKE NOTICE** that the following requested documents are due in our office:

**CUSTODIAN OF RECORDS/ DATE / TIME**
  2 - Nicholas Schmidle, Washington, DC on 03/18/2019 9:00AM  Record type: See Rider for wording

Before a Notary Public or other officer authorized to administer oaths, at **200 W. Jackson Blvd. Suite: 600**, **Chicago, IL 60606** , **312-236-8352** in the above entitled cause, pursuant to applicable statutes and Rules of Court.

There will be no interrogation of the Deponent/s.
If there are any questions regarding this request
please call 312-236-8352.

FOR COPIES OF RECORDS
YOU MUST CALL BEFORE
THE DUE DATE
PHONE 312-236-8352
U.S. Legal Support, Inc.
200 W. Jackson Blvd. Suite:
600
Chicago, IL 60606

Rock, Fusco & Connelly/
Patrick Moran
321 North Clark Street Suite 2200
Chicago, IL 60654
Law Firm for: Defendant

A copy of the above Notice was Mailed/Delivered to the above named on **February 22, 2019.**

No. **16 CV 1970**

|  | § |
|---|---|
| **Tyrone Hood** | § |
|  | § |
| **vs.** | § |
|  | § |
| **City of Chicago, et al.** | § |
|  | § |
|  | § |

## SERVICE LIST:

<u>**Law Firm Representation:**</u>

**James Sotos**
The Sotos Law Firm, P.C.
141 West Jackson Boulvard Suite 1240A
Chicago, IL  60604
630-735-3309    Fax: 630-773-0980

**Jon Loevy**
Loevy & Loevy
311 North Aberdeen Street 3rd Floor
Chicago, IL  60607
312-243-5900    Fax: 312-243-5902

**Patrick Moran**
Rock, Fusco & Connelly
321 North Clark Street Suite 2200
Chicago, IL  60654
312-494-1000    Fax:

**Steven Fine**
Law Office of Steven Fine
53 West Jackson Suite 1263
Chicago, IL  664
312-436-0638    Fax: 312-922-0855

**Steven Greenberg**
Steven A. Greenberg & Associates, Ltd.
53 West Jackson Boulevard, Suite 1260
Chicago, IL  60604
312-879-9500    Fax:

Order No: 560059  Terri Johnson

File# 24286.81                    MI# 560059.002                    Claim# 24286.81

AO 88B (Rev.2/14) Subpoena to Produce Documents, Information, or Objections or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT

## for the
## Northern District of ILLINOIS
## Eastern Division
## Civil Action No: <u>16 CV 1970</u>

Tyrone Hood
**Plaintiff**
Vs.

City of Chicago, et al.

**Defendant**

**IMPORTANT**
NOTICE TO WITNESS
THIS SUBPOENA WILL NOT NECESSITATE YOUR PERSONAL APPEARANCE IF
YOU SIGN THE ENCLOSED STATEMENT AND SUBMIT ALL YOUR ORIGINAL
RECORDS BY THE DUE DATE INDICATED ON THE SUBPOENA.

FOR INFORMATION CALL 312-236-8352

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

To: Nicholas Schmidle Attn: Custodian of Records
607 F. Street Northeast, Washington, DC 20002

[X] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
**See attached rider , ,**

Place:Monumental Process Servers
823 Martin Luther King, Jr., Boulevard, Baltimore, MD 21201

Date and time:  3/18/2019 at 9am

[ ] *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry on the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.
Place:                                                          Date and time:

CERT# 9414814901524262062576

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance;
Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: <u>2/22/2019</u>

CLERK OF COURT

OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)***Defendant**, who issues or requests this subpoena, are: **Patrick Moran, Rock, Fusco & Connelly, 321 North Clark Street Suite 2200, Chicago, IL 60610 312-494-1000,**

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed R. Civ. P. 45(a)(4).

# 24286.81                     MI# 560059.002          Claim# 24286.81

AO 88B (Rev. 06/092/14) Subpoena to Produce Documents, Information, or Objections or to Permit Inspection of Premises om a Civil Action (Page 2)

Civil Action No. 16 CV 1970

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* <u>Nicholas Schmidle</u> Attn: **<u>Custodian of Records</u>**
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows:<u>Nicholas Schmidle</u>, <u>607 F. Street</u>
<u>Northeast</u>, <u>Washington, DC 20002</u> , on *(date)*; _____ *or;*

☐ I returned the subpoena unexecuted because: _____
_____

☒ Other: I sent the subpoena to: <u>Nicholas Schmidle</u>, <u>607 F. Street Northeast</u>, <u>Washington</u>, <u>DC</u> <u>20002</u> by certified mail.

☐ Other: I sent the subpoena to: <u>Nicholas Schmidle</u>, <u>607 F. Street Northeast</u>, <u>Washington</u>, <u>DC</u> <u>20002</u> **by first class mail.**

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 0.00 .

My fees are $_____ for travel and $_____for services_____, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 2/22/19        _____
                                    *Server's signature*

                     _____
                         *Printed name and title*

                         U.S. Legal Support, Inc.
                         200 W. Jackson Blvd. Suite: 600
                         Chicago, IL 60606
                         *Server's address*

Additional information regarding attempted service, etc.

AO 88B (Rev. 2/14)  Subpoena to Produce Documents, Information, or Objections or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**
**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.
**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.
**(d) Protecting a Person Subject to a Subpoena; Enforcement.**
**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.
**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.
**(e) Duties in Responding to a Subpoena.**
**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Subpoena Rider

1.  The term "Document" shall have the broadest possible meaning under the Federal Rules of Civil Procedure and shall include any handwritten, typed, photographed, computerized, audio, video, or other graphic matter, regardless of how it is printed, stored or reproduced, in the possession and/or control of **Nicholas Schmidle** to exist, whether or not claimed to be privileged or otherwise excludable from discovery. Any document with any marks or notations, including but limited to: initials; routing instructions; date stamps; and any comment, marking or notation of any character, is to be considered a separate document.

2.  "The New Yorker" shall refer to any individual who performed any work for or on behalf of The New Yorker in connection with the Articles as defined in paragraph 11 below, including but not limited to Nicholas Schmidle, past and present agents, employees, principals, representatives, or independent contractors, as well as any past or present corporation, partnership, organization, or other entity associated with The New Yorker or Advanced Publications, Inc.

3.  If any Documents responsive to this request are known by you to exist but are not in your possession, custody, or control, identify said Document(s) and the Person who has possession, custody, or control thereof.

4.  "Relate", "relating to" or "regarding" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with a stated subject matter.

5.  "Communications" shall refer to any form of communication, including, for example, letters, memos, e-mails, notes, or the like.

6.  "Person" shall refer to any individual, corporation, partnership, organization, or any other entity.

7.  "And" and "or" mean "and/or" so that the terms are given their broadest possible meaning. In construing a request, the singular shall include the plural and the plural shall include singular, and use of a masculine, feminine or neuter pronoun shall not exclude any of the others. The past tense includes the present and the present tense included the past, where the clear meaning is not destroyed by the change.

8.  Plaintiffs shall mean Tyrone Hood and Wayne Washington.

9.  Any request for a Document is also a request to produce all iterations of that Document, including all earlier and all later versions of that Document.

10. If any Document is withheld under claim of privilege, please provide a privilege log identifying the Document, including its author and any recipients, and the basis for your privilege claims.

11. "Articles" shall refer to the following articles, both collectively and individually, that were either published in print or via The New Yorker's website, and written by Nicholas Schmidle:

   a. "Video: A Confession of Murder" published on July 28, 2014;

   b. "Crime Fiction: Did the Chicago police coerce witnesses into pinpointing the wrong man for murder?" published on August 4, 2014; and

   c. "Freedom for Tyrone Hood" published on January 13, 2015.

## Documents Sought in Response to Subpoena

1. Any and all Documents and written materials that relate to the Articles.

2. Any and all Documents and written materials that relate to Tyrone Hood, Wayne Washington, Marshall Morgan, Jr., Marshall Morgan, Sr., Allen "Jody" Rogers, Maria Escoffery, Kenneth Boudreau, John Halloran, Bernard Ryan, Robert Lenihan, John Posluszny, Michael Clancy, John Ball, James O'Brien, Gerald Carroll, Elizabeth Shinn, or John Stout.

3. Any and all photographs, videos, audio recordings, or other digital media related to the Articles.

4. Any and all Documents reflecting any communications with the individuals below, including but not limited to correspondence and communications to/from Nicholas Schmidle and any of the following individuals or entities, their agent(s), representative(s), attorney(s), and/or anyone acting on their behalf:

   a. Tyrone Hood;
   b. Wayne Washington;
   c. Marshall Morgan, Sr.;
   d. Ed McQuillan;
   e. Marcia Escoffery;
   f. Lorena Peete;
   g. Kenneth Boudreau;
   h. Michael "Twinkie" Rogers;
   i. Jody Rogers;
   j. Terry King;
   k. James "Jim" Mullenix;
   l. Cynthia Brown;
   m. Gary Stanton;
   n. Tami Cage;
   o. Brenda Cage;

p. The Cook County Public Defender's Office;

q. Emanuel Bob;

r. Rosemary Higgins;

s. Tiwanna Hood;

t. Barbara Santek;

u. Robyn Fisher;

v. Renee Ferguson;

w. Micaela Soto;

x. Doreen Brown;

y. Alonzo Burgess;

z. Laura Burklin;

aa. The Exoneration Project;

bb. Loevy & Loevy;

cc. Gayle Horn;

dd. Russell Ainsworth;

ee. Karl Leonard;

ff. Mort Smith

gg. Martin Preib;

hh. Anita Alvarez;

ii. The Cook County State's Attorney's Office;

jj. James Papa;

kk. Sally Daly;

ll. Craig Futterman;

mm.    The Illinois Torture Inquiry and Relief Commission;

nn. Sharon Murphy;

oo. Nyasia Santek;

pp. Former Illinois Governor Patrick Quinn;

qq. Katie Hickey;

rr. The Illinois Department of Corrections;

ss. Tom Shaer;

tt. Anyone who was interviewed for the Articles, but not mentioned in the Articles.

5.    All Documents reflecting any statements made by any of the individuals identified in request number 4 above in connection with the Articles, whether or not those statements were used in the Articles. As set forth above in the definitions, the scope of this request includes any audio or video recording, regardless of whether the substance was used in the Articles.

6.    All Documents Nicholas Schmidle received from any person or entity in connection with researching, investigating, preparing or publishing any of the Articles.

7.    All Documents reflecting any compensation or reimbursement paid to any individuals or entities identified in the above requests, their agent(s),

representative(s), attorney(s), and/or anyone acting on their behalf for any reason whatsoever in connection with the Articles.