# Exhibit D



THE
NEW YORKER
1 WORLD TRADE CENTER, NEW YORK, NY 10007

Fabio Bertoni  
General Counsel

Tel:(212)286.4991  
Fabio_Bertoni@newyorker.com

VIA EMAIL

March 13, 2019

Patrick Moran, Esq.  
Rock, Fusco & Connelly  
321 North Clark Street  
Suite 2200  
Chicago, IL 60610

    Re:    Nicholas Schmidle

Dear Mr. Moran:

    Per our telephone conversation yesterday, I write in response to your subpoena for document to Nicholas Schmidle dated February 22, 2019, returnable March 18, 2019. As an initial matter, we note that there are several defects with the subpoena, rendering it invalid. First, service was improper, since Rule 45 requires personal service, rather than service by mail as you did here ("the use of the word 'delivering' in subdivision (b)(1) of the rule with reference to the person to be served has been construed literally," 9A Charles A. Wright et al., Federal Practice & Procedure § 2454 (3d ed. 2016); see also 9 James Wm. Moore et al., Moore's Federal Practice § 45.21 (3d ed. 2016); accord FTC v. Compagnie De Saint-Gobain-Pont-a-Mousson, 636 F.2d 1300, 1312-13 (D.C. Cir. 1980) ("Federal Rule 45(c), governing subpoena service, does not permit any form of mail service, nor does it allow service of the subpoena merely by delivery to a witness' dwelling place")). Second, you provided insufficient time to comply. See Fed. R. Civ. P. 45(d)(3)(A)i). Mr. Schmidle received the subpoena March 7, 2019. The subpoena seeks, among other things, documents and records related to over fifty named individuals and entities. Furthermore, Mr. Schmidle will be out of the country on a previously planned reporting trip on March 18. Clearly, given the burdensomeness of the requests, your provision of eleven days' notice is insufficient. Third, to the extent that your subpoena purports to require Mr. Schmidle to personally appear if he does not sign the included statement and provide the requested records, it violates Rule 45(b), as no attendance fee or payment for mileage was included with the subpoena ("[f]ailure to tender the appropriate sums at the time the subpoena is served invalidates the subpoena." See Wright, Federal Practice and Procedure §2454). As a result, Mr. Schmidle will not appear or produce the requested documents on March 18, 2019.

CONDÉ NAST

Patrick Moran
March 13, 2019
Page 2

     More substantively, however, Mr. Schmidle objects to the subpoena because it seeks discovery of documents and other information protected from disclosure by the reporter's privilege under the First Amendment to the Constitution of the United States, and/or other constitutional, statutory or common law privileges that protect journalists from disclosing the identity of their sources and information obtained during the course of their newsgathering activity.  See Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 45(d)(3)(A); United States v. Sterling, 724 F.3d 482, 496-97 (4th Cir. 2013); LaRouche v. NBC, 780 F.2d 1134, 1139 (4th Cir. 1986).  To overcome the privilege, you would have to demonstrate that the information cannot be obtained through other means, such as the plaintiff or the numerous sources listed in the subpoena, and that there is any compelling interest in this information.  We are confident you cannot make this showing.

     Finally, Mr. Schmidle further objects to the subpoena's requests because they impose an undue burden and expense on Mr. Schmidle, as a non-party to this litigation; because they seek discovery that is not relevant to any party's claim or defense and that is not proportional to the needs of the case; because they seek certain information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, the joint-defense privilege and/or certain other privileges, doctrines or immunities; because they purport to require Mr. Schmidle to search for and produce documents that are not within Mr. Schmidle's possession, custody or control; and because they seek to impose requirements beyond those provided for in the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Maryland and/or the Northern District of Illinois.

     Please be advised that the foregoing does not waive any rights, remedies, defenses or privileges of Mr. Schmidle or The New Yorker.  Please direct any further correspondence on this matter to me.

Sincerely,

[signature]