# Exhibit E

*(Check appears upside down at top of page)*

Memo | #243120

M & T Bank

Forty-five and 00/100 Dollars

PAY TO THE ORDER OF | Nicholas Schmidle

$ 45.00

Void after 90 days | Date 06/18/2019

Same Day Process Service
1413 K Street NW
Washington, DC 20005

VV990

This is a Deluxe eCheck. The Pay to the Order of line designates the Payee. If you need to confirm this check was issued by the account holder and remains unmodified, use the Deluxe Corporation Check Verification service at https://echecks.com/verify.

Signature: Michael Misiak

Official eCheck

---

Cut along this line 

# Check appears upside down intentionally
## How to use this check

**Need help?** Visit eChecks.com or call 877-333-6964

| Step 1<br>**Print the check** | Step 2<br>**Validate it printed correctly** | Step 3<br>**Deposit like normal** |
|---|---|---|
| ✓ **Any printer works**<br>✓ **Black or color ink**<br>✓ **Basic white paper** | ✓ **Correct if bank numbers are:**<br>Centered in white space<br>Parallel to edge of the page<br>Clearly printed in dark black ink<br>✗ **Reprint if bank numbers are:**<br>Cut off, skewed, or off-center<br>Smudged or wrinkled<br>Too light to read | 1. **Cut on the dotted line above**<br>2. **Endorse the back**<br>3. **Deposit like normal:**<br>In-person at a bank or credit union<br>Using an ATM<br>Via smartphone mobile deposit<br>With an office check scanner<br><br>**Bank or credit union questions?**<br>More info below. |

Does your financial institution have questions about this check?
- This check was printed from an authorized check record. It is not a Check 21 Image Replacement Document.
- The details (pay to, amount, routing/account number) and authenticity of this check can be verified by visiting: echecks.com/verify

**Questions?** Visit **eChecks.com** or call 877-333-6964

---

For your records

**06/18/2019**
**Check Number:** VV990
**From:** Same Day Process Service
**Amount:** 45.00
**Payable to:** Nicholas Schmidle

Are you a business? To save time, money, and resources, make payments using Deluxe eChecks. Call 877-333-6964 to get started today!

**DELUXE | eChecks**

LAW OFFICES
## ROCK FUSCO & CONNELLY, LLC

Kara Hutson
Paralegal

321 NORTH CLARK STREET
SUITE 2200
CHICAGO, ILLINOIS 60654
(312) 494-1000
FAX (312) 494-1001
WWW.RFCLAW.COM

EMAIL: KHUTSON@RFCLAW.COM

June 14, 2019

Nick Schmidle
1156 15th Street NW, Suite 1016
Washington, DC 20005

    Re:    *Tyrone Hood/Wayne Washington v. City of Chicago, et al.,*
            *(Case Nos. 16-cv-1970 and 16-cv-1893)*

Dear Mr. Schmidle:

    Enclosed is a subpoena directing you to appear at a location yet to be determined on July 12, 2019 at 10:00 a.m. in order to testify at a deposition in the above pending matters. Please contact our office as soon as possible to confirm your attendance. If the date is inconvenient for you, we will work with you to select another date that is convenient for you and the parties. The enclosed check is for the witness fee and mileage, which you are entitled to for appearing at the deposition. Thank you for your cooperation.

                              Sincerely,

                              Kara Hutson

                              Kara Hutson
                              Paralegal



v. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| TYRONE HOOD | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 16-cv-01970 |
| CITY OF CHICAGO, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Nicholas Schmidle
607 F St. NE, Washington DC 20002
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: TBD | Date and Time: 07/12/2019 10:00 am |
|---|---|

The deposition will be recorded by this method: Court Reporter and Videographer

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/17/2019

*CLERK OF COURT*

OR  /signature/

*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant City of Chicago                            , who issues or requests this subpoena, are:

Patrick R. Moran, Rock Fusco & Connelly, LLC, 321 N. Clark Street, Suite 2200, Chicago, IL 60654
pmoran@rfclaw.com   312-494-1000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Action No. 16-cv-01970

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ 0.00 for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____                                   _____
                                                        *Server's signature*

                                                        _____
                                                        *Printed name and title*

                                                        _____
                                                        *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).